IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM GERARD BONIFAS,

       Plaintiff,

   v.

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration

       Defendant.

Case No. 6:15-cv-00718-MA

OPINION AND ORDER

MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR  97293

       Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204

1 - ORDER -

THOMAS M. ELSBERRY
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

　　　　　Attorneys for Defendant

MARSH, Judge.

Plaintiff William Gerard Bonifas seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-403, and Supplemental Security Income ("SSI") disability payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the decision of the ALJ is reversed and this matter is remanded for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB and SSI on April 9, 2012, alleging disability beginning March 19, 2012. Plaintiff meets the insured status requirements for a DIB application through December 31, 2016.

Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ convened a hearing on October 24, 2013. On November 22, 2013, the ALJ issued an unfavorable decision. The Appeals Council summarily denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for the purposes of review.

2 - ORDER -

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since March 19, 2012, his application date. At step two, the ALJ found that plaintiff has the following medically determinable impairments: obesity, back pain, headaches, hypothyroidism, hyperlipidemia, peripheral neuropathy, cervical and thoracic degenerative disc disease, onychomycosis, and depression. The ALJ found that plaintiff's diagnosed conditions did not meet the durational requirement. Moreover, the ALJ found, even if the durational requirement were met, plaintiff's conditions have not significantly limited (or were not expected to significantly limit) the plaintiff's ability to perform basic work-related activities for twelve consecutive months. Accordingly, the ALJ found plaintiff not disabled at step two and did not proceed to steps three, four, or five.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 20 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

Plaintiff argues the ALJ erred in failing to find any severe impairments at step two of the sequential analysis. Plaintiff first argues the ALJ erred by failing to follow the psychiatric review technique before finding plaintiff's depression was not severe. Plaintiff further contends the ALJ erred in failing to find any severe physical impairments.

At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Yuckert*, 482 U.S. at 140-41. According to Social Security Regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical

ability to do basic work activities." 20 C.F.R. § 404.1521(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  20 C.F.R. § 404.1521(b).

The step two inquiry is the "de minimus screening device to dispose of groundless claims." *Yuckert*, 482 U.S. at 153-54.  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28, available at 1985 WL 56856 at *3; *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) ("[s]tep two impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work").  An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quotation omitted).

Where a claimant makes a claim for a mental impairment, an ALJ is required to make use of the "special psychiatric review technique." 20 C.F.R. § 404.1520a.  An ALJ must determine whether the claimant had a medically determinable mental impairment, rate the degree of functional limitation for four functional areas, determine the severity of the mental impairment (in part based on the degree of functional limitation), and then, if the impairment is severe, proceed to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder.  20 C.F.R.  §§ 404.1529a(b) & (c).  The four functional areas the ALJ must assess are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.  The Psychiatric Review Technique Form ("PRTF") is typically used

to comply with the regulation. *Gutierrez v. Apfel*, 199 F.3d 1048, 1050 (9th Cir. 2000) *superseded by regulations on other grnds*, 20 C.F.R. § 404.1520a (2001).

The Ninth Circuit has held that § 404.1520a requires the ALJ to complete a PRTF and append it to the decision, or to incorporate the PRTF mode of analysis into the findings and conclusions. *Keyser v. Commissioner Social Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011). An ALJ's failure to comply with 20 C.F.R. § 404.1520a is not harmless if the claimant has a colorable claim of mental impairment. *Gutierrez*, 199 F.3d at 1051.

Here, the ALJ noted plaintiff's diagnosis of depression was relatively recent, and that plaintiff had undergone sparse treatment; plaintiff testified that he saw a mental health provider three to five times and that he stopped seeing the provider because the provider determined he "sounded good." Tr. 22, 44. As the ALJ also noted, however, plaintiff "threatened suicide at the hearing." Tr. 22. Moreover, plaintiff's mental health provider diagnosed plaintiff with severe depression, noted that plaintiff expressed suicidal ideation, and increased Plaintiff's anti-depressant medication accordingly. Tr. 299, 300, 318. Finally, the ALJ specifically found Plaintiff's depression is a medically determinable impairment. Tr. 19.

Plaintiff has demonstrated a colorable claim of mental impairment, and the ALJ erred in failing to provide any psychiatric review technique of his own or any explanation of his equivalent findings as required. Accordingly, remand is required.[1]

---

[1]It does not appear from the record that any mental health provider has completed a PRTF assessment of plaintiff's mental impairment. An ALJ has a duty to develop the record where the record is ambiguous or insufficient for the ALJ to make a disability determination. 20 C.F.R. § 416.912(e); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). "The ALJ may discharge [the duty to develop the record] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open

Objective medical evidence also supports plaintiff's claim that his physical impairments meet the minimal threshold for severity at the step two determination. The ALJ found that plaintiff's physical impairments were not severe because the medical evidence of record did not support the severity of his allegations and because plaintiff's complaints were deemed not credible. However, the evidence includes diagnoses of back pain resulting from advanced multilevel cervical spondylosis and severe central canal stenosis at the C3-4 level, obesity, and diabetes, as well as several prescriptions for pain medication. *See, e.g.*, Tr. 244, 265, 281-82, 293-94, 298-99, 304, 312. The medical evidence thus meets the de minimus screening threshold at step two, and the ALJ's findings are more appropriate in assessing plaintiff's residual functional capacity and his ability to perform past relevant work or other work activity. *See Tonapetyan*, 242 F.3d at 1147 (generally, a claimant's credibility becomes important at the stage where the ALJ is assessing residual functional capacity).

The record does not demonstrate the "total absence of evidence" of a severe, medical impairment, and the ALJ should have "continued the sequential analysis beyond step two." *Webb*,

---

after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Alternatively, the ALJ may request the claimant undergo a consultative examination. 20 C.F.R. §§ 404.1512(e), 416.912(e). On remand, it may be incumbent upon the Commissioner to develop the record regarding plaintiff's mental impairment. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589-90 (9th Cir. 1998) (ordinarily, an ALJ may not decide an issue against a claim based on an absence of evidence in the record); *Dotson v. Astrue*, Case No. CV 09-1682 FFM, 2010 WL 4345699, at * 2 (C.D. Cal. Oct. 26, 2010) (remanding for development of record in absence of PRTF).

433 F.3d at 688. As such, further administrative proceedings are necessary, and remand is required. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000).[2]

### CONCLUSION

The ALJ's step two finding is not supported by substantial evidence in the record, and IT IS ORDERED that the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall obtain a consultative psychoanalytical examination of plaintiff including a PRTF, and the ALJ shall then proceed to step three and undertake the remaining sequential analysis.

IT IS SO ORDERED.

DATED this *15* day of September, 2016.

Malcolm F. Marsh
United States District Judge

---

[2]Because reversal and remand is appropriate due to the ALJ's errors at step two, plaintiff's further allegations of error need not be considered. *Barrera v. Colvin*, Case No. 6:12-cv-01631-CL, 2013 WL 6576178 at *5 (D. Or. Dec. 13, 2013).

8 - ORDER -